UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-CV-00585-RPM

ANTONIA ELENA LEYBA,

Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC.

Defendant.

**STIPULATED PROTECTIVE ORDER**

Plaintiff Antonia Elena Leyba ("Plaintiff") and Defendant Chipotle Mexican Grill, Inc. ("Chipotle"), each a "Party" or collectively, "the Parties," to this "Action" hereby agree to the following Stipulated Protective Order ("Order") regarding certain documents and information that will be produced by the Parties during discovery in this litigation.

1.   The Parties acknowledge that discovery in this litigation may require the disclosure of documents and other materials that are commercially and/or financially sensitive, contain personal medical information, and/or are otherwise confidential in nature (hereinafter referred to as "Confidential Information"). Unless otherwise

1

specifically designated by a party, the level of restriction shall be Level 1, pursuant to D.C.COLO.LCivR 7.2(b).

2. "Confidential Information" consists of, but is not limited to, the following types of documents and/or information:

    a. Documents containing Plaintiff's medical, financial, and employment information, including social security number and personnel file;[1]

    b. Chipotle asserts that "Confidential Information" may consists of documents containing Defendants' private, confidential, and/or proprietary information with regards to policies, procedures and practices including, but not limited to, employee handbooks, benefit guides, training and instruction materials, evaluation materials, security protocols, management conferences, job descriptions, and/or investigation notes; However, "Confidential Information" is not to include any such information already in the possession of Plaintiff, notwithstanding this or any other paragraph or sub-paragraph of this STIPULATED PROTECTIVE ORDER.

    c. Documents containing Defendants' trade secrets, labor matrix, financial and commercial information, and/or other competitive information not otherwise publicly available;

    d. Chipotle asserts that "Confidential Information" may consists of documents that contain personal and highly confidential information about past or

present employees of Chipotle, including social security numbers and personnel files.

3. The Parties hereby agree that a producing Party subject to discovery in this Action may designate documents; deposition testimonies, transcripts, and exhibits; responses to interrogatories; responses to requests for admission; and other written, recorded, or graphic information and materials produced in the course of this Action as Confidential Information if the item produced contains Confidential Information. The producing Party claiming a document or information is confidential shall so designate it by imprinting the word(s) "CONFIDENTIAL" on the document. Such designation shall be made in good faith after review by an attorney for the producing Party. Any Party seeking confidential treatment for documents or other materials previously produced by any other Party without such designation may do so by sending written notice requesting designation to the producing Party within forty-five (45) days of their production. If the producing Party objects to the request for confidential designation, and if the Party seeking designation then files a motion with the Court to designate the documents as Confidential within 14 days, the documents will be deemed Confidential pending a decision on the motion. Notwithstanding the foregoing, all medical, financial or other information of Plaintiff that is not generally available to the public shall be treated as "Confidential Information", including all information which the Defendant may

---

[1] The producing Party will make reasonable efforts to redact social security numbers before production.

3

obtain by way of any written authorization signed by the Plaintiff, all without the necessity of Plaintiff designating the information as "Confidential Information".

4. With respect to testimony elicited during depositions, whenever counsel for a Party deems that any question or line of questioning calls for the disclosure of information that should be treated as Confidential Information, counsel may: (i) designate on the record prior to such disclosure that such information is being designated as "Confidential" or (ii) give written notice to all other counsel that such information is being designated as "Confidential" within forty-five (45) days after receiving a copy of the transcript of the deposition. A party seeking to designate as Confidential a portion of a deposition transcript must designate as Confidential by page and line numbers within the deposition transcript and may not designate an entire deposition transcript as Confidential. Notwithstanding the foregoing, all medical, financial or other information of Plaintiff that is not generally available to the public shall be treated as "Confidential Information", including all information which the Defendant may obtain by way of any written authorization signed by the Plaintiff, all without the necessity of Plaintiff designating the information as "Confidential Information".

5. Confidential Information shall be used by the receiving Party exclusively in connection with this litigation and any appeals thereof, and for no other purpose. A Party shall not disseminate any Confidential Information except as necessary for use in this litigation and any appeals thereof, and subject to the further

4

restrictions set forth in paragraphs 6 and 7 below. The Parties shall take reasonable and prudent measures to safeguard the confidentiality of all Confidential Information.

6. The Party receiving any Confidential Information designated as "CONFIDENTIAL" shall not, directly or indirectly, disclose such Confidential Information to any persons other than:

(a) The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing, trial, or deposition in this Action, and any special master or mediator appointed by the court or agreed to by the Parties;

(b) Counsel of record for any Party to this Action, as well as employees of such counsel used to assist in the prosecution or defense of this Action;

(c) Experts and consultants consulted or retained by any Party or counsel of record for any Party to assist in the prosecution or defense of this Action;

(d) Any Party, including Defendants' officers, directors, and managerial employees;

(e) Any employee, former employee, agent or independent contractor of any Party, or prospective witness who is requested by counsel to assist in the defense or prosecution of this Action, provided, however, that disclosure of the Confidential Information to said individual may be made only to the extent necessary for the employee, former employee, agent or independent contractor, or prospective witness to provide such assistance.

(f) Any Party that seeks to disclose Confidential Information permitted under this Order to a person listed in paragraphs 6 (c) or 6 (e) above, or to any potential witness who is not included in paragraphs 6 (a)-(e) above, shall, prior to such disclosure, advise the person of the contents of this Order. All such undertakings shall be retained by counsel for the Party who discloses Confidential Information in this way. Further, the Party providing the witness with Confidential Information must take reasonably prudent steps to retrieve or to determine that the witness has not retained a copy of such information.

7. The non-producing Party may object to the designation of particular documents or other materials as "CONFIDENTIAL" by giving written notice to the producing Party making the designation and to all other Parties. The Parties shall have twenty-one (21) days from the date of such written notice to attempt to resolve in good faith the dispute by meeting and conferring. In the event that the dispute is not resolved within the twenty-one (21) day period, either party shall have an additional ten (10) days to apply to the Court for a determination as to whether the designation is appropriate. The burden shall rest on the party seeking confidentiality to demonstrate that such designation is proper. The disputed documents or other materials shall be treated as so designated pending a ruling from the Court. However, if the producing Party chooses not to raise the issue with the Court within the additional ten-day (10) period, the document or information in question will lose the proposed designation.

8.  Nothing herein shall be construed to affect the admissibility of any document, testimony or other evidence at trial.

9.  Documents or other materials filed by any Party with the Court before or after trial that contain Confidential Information, including any pleading, motion, brief or other paper, shall be filed with the Clerk of the Court in accordance with the Court's applicable rules as set forth in D.C.COLO.LCivR 7.2. Copies of the papers filed under seal shall be timely served on all counsel for the parties if Level 1 Restriction is requested. Should the need arise during any pre-trial proceedings before the Court, a party may cause Confidential Information to be disclosed only after appropriate *in camera* inspection or other appropriate safeguards are requested of the Court.

10. Any Party may consent to have any documents or other materials it previously designated as "CONFIDENTIAL" removed from the scope of this Order by so notifying counsel for the other Parties in writing or by so stating on the record at any hearing or deposition. Nothing contained in this Order shall prevent any Party from disclosing its own Confidential Information as it deems appropriate in accordance with the terms of this Order.

11. The provisions of this Order shall not terminate at the conclusion of this litigation.

12. Notwithstanding anything herein, counsel for the parties shall be entitled to retain all court papers; depositions and trial transcripts; exhibits used in affidavits, at depositions, or at trial; and attorney work product.

13. The inadvertent production or disclosure of any privileged or otherwise protected information by any Party shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to the attorney client privilege and the protection afforded to work product materials.

14. This Stipulation and Order is subject to revocation and modification by order of the Court, upon written stipulation of the Parties, or upon motion and reasonable notice.

15. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original, including electronic/email (pdf) forms, but of all which together shall constitute one and the same document.

Dated: November 25, 2015

**SO STIPULATED:**

S/Andrew T. Brake
Andrew T. Brake, Esq.
Andrew T. Brake, P.C.
777 East Girard Avenue, Suite 200
Englewood, Colorado 80113-2767
(303) 806-9000
Attorney for Plaintiff
atbake@gmail.com

Kathleen J. Mowry, Esq.
Messner Reeves LLP
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
(303) 623-1800
Attorney for Defendant
kmowry@messner.com

SO ORDERED:

_____
Richard P. Matsch

Dated: 12-1-15

9